## REDFORD et al. v. WELLER.

Plaintiffs purchased real estate, borrowing a balance of $670 of the price from defendant, and having the property conveyed to him as security. Plaintiff being in financial difficulties, and having mortgaged their personal property to defendant for other indebtedness, found a purchaser for the real estate and contracted to procure a conveyance to him within 15 days. Defendant refused to execute a deed to the purchaser, unless plaintiffs consented to pay him $289 71, consisting of usurious interest and bonuses on account of the moneys

advanced by him to plaintiffs, out of the purchase price of such real estate, and in order not to lose the sale, and because of plaintiff's necessities, they agreed that he should receive such additional sum as demanded. **Held,** that plaintiffs were entitled to recover the amount so paid, as money paid under duress, under Civ. Code, §§ 1196, 1204, providing that an apparent consent is, not real or free when obtained through undue influence, and defining "undue influence" to consist of the taking of a grossly oppressive and unfair advantage of another's necessities or distress.

Assignment of error, not argued by appellant's counsel in his brief, will not be reviewed.

(Opinion filed May 10, 1911.)

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by Frank Redford and another against Frank Weller. Judgment for plaintiffs, and defendant appeals. Affirmed.

*T. J. Spangler,* for appellant. *A. E. Hitchcock,* for respondents.

CORSON, J. This is an appeal by the plaintiffs from a judgment entered in favor of the defendant upon the verdict of the jury. This action was instituted by plaintiffs to recover of the defendant the sum of $289.71, with interest from the 9th day of September, 1907, together with the costs of the action. The answer was a general denial. The jury found a verdict in favor of the plaintiffs for $285, upon which verdict judgment was duly entered.

At the commencement of the trial, the defendant objected to the admission of evidence under the complaint, for the reason that the same did not state facts sufficient to constitute a cause of action, which objection was by the court overruled, and to which ruling the defendant excepted. At the close of plaintiffs' evidence, the defendant moved the court to direct a verdict in favor of the defendant, which motion was denied, and the defendant excepted. At the conclusion of all the evidence, this motion was renewed and again denied by the court, to which ruling the defendant excepted, and thereupon the court charged the jury, and to portions of which charge the defendant excepted.

Three questions, therefore, are presented by this appeal for our determination, viz.: (1) Does the complaint state facts suf-

ficient to constitute a cause of action? (2) Was the evidence introduced on the trial sufficient to sustain plaintiffs' cause of action, and did the court err in overruling defendant's motion for the direction of a verdict in his favor? (3) Were the instructions of the court excepted to erroneous?

[1] The complaint states, in substance, that on or about the 9th day of September, 1907, the defendant received, through the Mitchell National Bank of Mitchell, S. D., from the plaintiffs, the sum of $289.71; that said sum was received by said defendant under the following circumstances, to-wit, that on or about the 3d day of April, 1906, the plaintiffs were in possession of certain described lots in the city of Mitchell, under a contract for the purchase of the same from one Purdy; that at said date there was a balance due upon the purchase of said real estate the sum of $670, which the plaintiffs desired to pay; that the plaintiffs and the defendant entered into an oral agreement by which the defendant advanced the sum of $670 for the balance due upon said purchase price, and as security therefor the said defendant took the title of said premises to himself from the said Purdy, the title being taken by the said defendant solely for the purpose of securing him the said sum of $670; that in addition to the said sum of $670, the plaintiffs were indebted to the defendant upon certain notes and chattel mortgages in divers sums; that on or about the 9th day of September, 1907, the plaintiffs sold the premises above described to other parties and desired to obtain a deed therefor from said defendant; that the money from the sale of said premises was deposited in the Mitchell National Bank, to be paid to the plaintiffs when the deed was given to the purchaser; that at said time, before said defendant would make a deed for said premises, he extorted from the plaintiff Frank N. Redfield consent to pay to him out of said purchase money the sum of $989.05, said sum being $289.71 in excess of what was lawfully due him at said time; that the said excessive sum of $289.71 consisted of usurious interest and bonuses on account of moneys advanced by the defendant to the plaintiffs; that on said date of September 9, 1907, the plaintiffs were in financial distress and greatly in need of

money, and by reason thereof the defendant took unfair advantage of plaintiff's necessities and insisted upon the payment of said money before he would make said deed; that by reason thereof said money was obtained by defendant from the plaintiffs by undue influence; that the consent of said plaintiffs to the payment of said money would not have been given, had the plaintiffs not been in such sore financial distress, and not able to insist upon their legal rights against gross oppression of the defendant in demanding such sum over and above the amount that was due him; and that, prior to the commencement of this action, the plaintiffs demanded payment of said sum from the defendant, but that he has refused to pay the same, or any part thereof.

It is contended by the respondents that the complaint states a good cause of action under the provisions of section 1196 of the Civil Code, which provides as follows: "An apparent consent is not real or free when obtained through: * * * 4. Undue influence"; and section 1204, which provides: "Undue influence consists: * * .* 3. In taking a grossly oppressive and unfair advantage of another's necessities or distress."

These two sections of our Code are verbatim copies of sections 752 and 760 of the proposed Civil Code for the state of New York, and the learned Code Commissioners of New York, in their note to the third subdivision of section 760 above quoted, refer, among numerous other cases, to Breck v. Cole, 4 Sandf. p. 88, as a basis for that subdivision.

It is disclosed by an examination of that case, that one Philo Cole, becoming embarrassed in his business affairs, entered into a composition with his creditors, and that all of the creditors, except the plaintiff, accepted the promissory notes of Barnum Cole, a brother of Philo Cole, to pay them 40 cents on the dollar of the amount of their respective debts in full release and discharge of their said debts, respectively, and the said Barnum Cole testified that, when he called upon the plaintiff to procure his signature to the composition deed, the plaintiff said he would execute the deed, provided the defendant, Philo Cole, would give him, in addition to

the composition note of the witness, his own note for $103.86, which the defendant agreed to do, and thereupon the plaintiff executed the composition deed. And this action was to recover of the defendant, Philo Cole, the note for $103.86, executed by him.

The court, in its opinion, after discussing the question as to the invalidity of the note, the same being given, as held by the court, in fraud of the other creditors, says: "When an additional security, privately given to a particular creditor, is taken from the debtor himself, it is not merely upon the ground that it is a fraud upon the creditors from whom it is concealed that it is held to be void. The creditor, who exacts such a security as the condition of his own assent to a composition deed, takes an unfair advantage of the distressed condition of the debtor. He is guilty of oppression and coercion. The unfortunate debtor is not a free agent, but is subjected to a moral duress, as odious to the law as the grossest fraud. It was upon this ground, and this ground alone, that Mr. Justice Buller placed his opinion in Cockshot v. Bennett, 2 Term R. 763, using the strong language that the conduct of a creditor thus abusing his powers over the debtor 'is equivalent to actual compulsion'; and in Jackson v. Lomas, 4 Term R. 166, it was upon this ground that the opinions of all the judges were mainly rested."

The code commissioners, after citing the cases, conclude their note as follows: "These cases seem to support this view. They are generally classed under the head of fraud * * *; but the principle on which they depend is not a mere question of fraud."

In that case, therefore, had the defendant paid the money to the creditor, instead of giving his note, he would clearly, under that decision, have been entitled to recover the same back from the creditor, thus occupying the position of the plaintiffs in the present action.

Assuming, therefore, as we must do for the purposes of the objection to the introduction of evidence, that the facts alleged in the complaint are true, we are of the opinion that sufficient facts are stated to entitle the plaintiff to recover in this action.

It will be noticed it is alleged in the complaint that, before said defendant would make a deed for said premises, he extorted from one of the plaintiffs, to-wit, Frank N. Redford, consent to the payment to him from said purchase money the sum of $289.71 in excess of the sum lawfully due him at that time; that the said excessive sum of $289.71 consisted of usurious interest and bonuses on account of moneys advanced by the defendant to the plaintiffs; that the plaintiffs were in financial distress and greatly in need of money, and by reason thereof the defendant took unfair advantage of plaintiffs' necessities and insisted upon the payment of said money, before he would make said deed, and that by reason thereof said money was obtained by the defendant from the plaintiffs by "undue influence," and that the consent of the said plaintiffs to the payment of said money would not have been given, had the plaintiffs not been in such sore financial distress, and not able to insist upon their legal rights against gross oppression of the defendant in demanding such sum of money over and above what was legally due him. The court was, therefore, clearly right in overruling defendant's objection to the introduction of evidence under the complaint.

It is further contended by the appellant that the court erred in denying his motion for the direction of a verdict in his favor at the close of plaintiffs' evidence and at the close of all the evidence in the case, but we are of the opinion that the court committed no error in denying the motions.

It is disclosed by the evidence that the plaintiff Frank N. Redford had purchased certain lots in the city of Mitchell, and that to make up the balance due on said lots he obtained a loan from the defendant of $670 to pay the balance due on said lots, and to secure the same the defendant took the deed to the lots in his own name; that subsequently the plaintiff, having an opportunity to sell said lots at an advance upon the purchase price, and being desirous of closing out his business in Mitchell, requested defendant to make a deed to the purchaser of said property; that the defendant refused to make said deed, unless plaintiff would pay him out of the money that he was to receive as consideration for the prop-

erty the sum of $289.71, which the plaintiff claimed was not due the defendant; that upon talking over the matter with the defendant the plaintiff objected to the payment of certain alleged illegal claims of the defendant, but that the defendant insisted, with an oath, that the whole amount claimed by him should be paid, before he would consent to make a deed, and that he placed said deed in bank in escrow, with instructions to deliver the same upon the payment of $989.05, including the $289.71 so illegally claimed by him; that the defendant, at that time, not only had title to the plaintiff's real property, but also had chattel mortgages upon all his personal propery; that the plaintiff, therefore, in order to complete the sale of his real property and satisfy the chattel mortgages, was in a position by which he was virtually compelled to pay the unlawful claims of the defendant in order to make the sale to the proposed purchaser of the real property, and to obtain a release of the chattel mortgages on his personal property. This evidence as to the transaction was practically undisputed.

While there may have been some conflict in the evidence as to the amount actually due the defendant, it is quite clear from the verdict the jury believed the testimony given by the plaintiff Frank N. Redford, and hence the court was clearly justified in denying the defendant's motion for the direction of a verdict in his favor. The evidence, accounts, letters, etc., introduced in evidence are quite voluminous, and we do not deem it necessary to set them out in this opinion, as the verdict of the jury, in effect, settled the conflict in the evidence in favor of the plaintiffs.

It is contended by appellant that the evidence was insufficient to support the finding of the jury, but we are of the opinion that there is no merit in this contention. Assuming the facts testified to by the plaintiff Frank N. Redford to be true, as the jury necessarily found by their verdict, the facts proved clearly that the case came within the provisions of our Code and the decisions upon which those provisions were based.

It is disclosed by the evidence, as before stated, that the plaintiffs were about disposing of their property in Mitchell and closing up their business there and were in need of money; that the

defendant held the title to, or liens upon, their property, both real and personal; and that he refused to make the conveyance of the real property to the proposed purchaser, until he was paid the amount he claimed to be due him. The defendant, having the title to, or liens upon, the plaintiffs' real and personal property, was in the position to take advantage of their necessities, and assuming the evidence of the plaintiff Frank N. Redford to be true, he availed himself of that advantage by refusing to transfer the property, until his illegal and unjust claim was paid by the plaintiffs.

The plaintiff Frank N. Redford testified that in his contract with the proposed purchaser he had 15 days in which to furnish the deed to the property, and that in settling with the defendant he charged him with trying to "hold him up" by making these illegal claims against him; that he informed the cashier of the bank that the defendant was holding him up for two or three hundred, but that he would have to fix it up and "fight him afterwards."

The jury necessarily found by their verdict that the defendant's claim to the $285, for which they found a verdict in plaintiffs' favor, was an unjust and illegal claim, and it therefore clearly appears that the plaintiff's consent to the payment of this sum, in order to close up the transaction between him and the proposed purchase of the property, and in order to secure the release of his personal property mortgaged, was not "free," and his consent was obtained by "undue influence." In our opinion, therefore, the verdict of the jury was fully justified by the evidence.

The appellant further contends that the court erred in certain parts of its charge to the jury; but upon a careful examination of the same we are of the opinion that there is no merit in the appellant's contention, and that the court very fairly and fully instructed the jury upon the issues presented for their consideration, and correctly construed the provisions of our Code applicable to the case. The charge of the court is very lengthy and no useful purpose would be served by inserting the same, or the parts excepted to, in this opinion.

[2] As the other assignments of errors were not argued by counsel for appellant in his brief, they will not be considered by the court.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.